**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No. 19-cv-06201
ERROL WRIGHT,

Plaintiff,

**COMPLAINT**

-against-

COLLECTION BUREAU OF THE HUDSON VALLEY,

Defendant.

------------------------------------------------------------------------X

Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, PLLC upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

INTRODUCTION

1.      This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

2.      Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

1

JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.      This Court has venue pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

PARTIES

5.      Plaintiff is a natural person who resides in this District.

6.      Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7.      The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is an allegedly defaulted debt incurred for personal, family or household purposes to Ginny's.

8.      Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.      Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10.     Defendant uses the mails and other instrumentalities of interstate commerce to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11.     The principal purpose of defendant's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12.     Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13.     Upon information and belief, defendant is a domestic business corporation.

## FACTUAL ALLEGATIONS

14.     Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15.     There came a time when Ginny's alleged that plaintiff's account had fallen into default.

16.     After the alleged default, plaintiff received a collection letter from a certain debt collector.

17.     Said debt collector sent the collection letter in an attempt to collect the Ginny's debt.

18.     Plaintiff thereafter consulted with his attorneys at Fagenson & Puglisi concerning the collection letter and the debt.

19.     By letter dated December 13, 2017, Fagenson & Puglisi wrote to said debt collector.

20.     In said letter, Fagenson & Puglisi informed the debt collector that Fagenson & Puglisi represented plaintiff and that plaintiff should not be contacted directly.

21.     In said letter, Fagenson & Puglisi also informed the debt collector that plaintiff disputed the debt and requested documentation supporting the claim.

22.     Thereafter, by letter dated December 13, 2018, defendant wrote to plaintiff in an attempt to collect the same debt.

23.     By the letter, defendant was attempting to collect the debt on behalf of Ginny's.

24.     Defendant sent its letter directly to plaintiff at his home.

25.     On information and belief, Ginny's prior debt collector informed Ginny's that Fagenson & Puglisi represented plaintiff and that plaintiff should not be contacted directly.

26.     Ginny's knew that plaintiff was represented by Fagenson & Puglisi in the matter of the debt.

27.     On information and belief, upon placing the debt with defendant for collection, Ginny's informed defendant that Fagenson & Puglisi represented plaintiff.

28.     Defendant knew that Fagenson & Puglisi represented plaintiff before defendant sent its letter directly to plaintiff at his home.

29.     Defendant should have known that Fagenson & Puglisi represented plaintiff before defendant sent its letter directly to plaintiff at his home.

30.     Upon receipt of defendant's collection letter at his home, plaintiff felt annoyance, surprise, confusion, irritation, upset and harassment that defendant would communicate directly with him concerning a debt in respect of which his attorneys had already informed Ginny's prior debt collector that plaintiff was represented by counsel.

## AS AND FOR A FIRST CAUSE OF ACTION

Improper direct communication with Plaintiff

15 U.S.C. §§ 1692c(a)(2) and 1692e

31.     Plaintiff re-alleges paragraphs 1-30 as if fully re-stated herein.

32.     Defendant knew that plaintiff was represented by counsel and should not be contacted directly.

33.     Defendant knew that plaintiff was represented by counsel and should not be contacted directly before defendant sent its letter directly to plaintiff at his home.

34.     Ginny's informed defendant that Fagenson & Puglisi represented plaintiff in the matter of the debt.

35.     Ginny's informed defendant that Fagenson & Puglisi represented plaintiff in the matter of the debt before defendant sent its letter directly to plaintiff at his home.

36.  Ginny's ought to have informed defendant that Fagenson & Puglisi represented plaintiff in the matter of the debt before defendant sent its letter directly to plaintiff at his home.

37.  In any event, defendant had an affirmative duty to inquire of Ginny's whether plaintiff was represented by counsel in the matter, before defendant communicated directly with plaintiff.

38.  Defendant did not inquire of Ginny's whether plaintiff was represented by counsel before defendant sent its collection letter directly to plaintiff at his home.

39.  In sending its collection letter directly to plaintiff at his home, notwithstanding knowledge that plaintiff was represented by counsel, defendant violated 15 U.S.C. § 1692c(a)(2).

40.  Defendant's sending of its letter directly to plaintiff at his home was a result of defendant's violation of its affirmative duty to inquire of Ginny's, before communicating with plaintiff, whether plaintiff was represented by counsel, thereby violating 15 U.S.C. § 1692c(a)(2).

41.  Defendant is further in violation of 15 U.S.C. § 1692e in that defendant's sending of its letter directly to plaintiff at his home despite its knowledge that plaintiff was represented by counsel constitutes a deceptive and misleading means used by defendant in an attempt to collect the debt, and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of his counsel.

42.     Defendant is further in violation of 15 U.S.C. § 1692e in that defendant's conduct in communicating with plaintiff directly  as a result of its  violation of its  affirmative duty to inquire of Ginny's, before communicating with plaintiff, whether plaintiff was represented by counsel, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of his counsel.

43.     Communications from debt collectors such as that sent by defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

44.     Plaintiff re-alleges paragraphs 1-43 as if fully re-stated herein.

45.     Defendant owed a duty to plaintiff to effect collection of plaintiff's alleged debt with reasonable care.

46.     Defendant breached its duty to collect plaintiff's debt with reasonable care.

47.     In the exercise of reasonable care defendant ought to have ensured that for any account on which an attorney represented the consumer any communication by defendant was made with the attorney and not with the consumer directly.

48. The fact that defendant contacted plaintiff directly regarding the same debt for which defendant had been informed that plaintiff had legal representation indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

49. On information and belief, defendant obtains hundreds of consumer accounts of New York residents each month for the purpose of collection.

50. Defendant's act of communicating with plaintiff directly is a deceptive act and practice.

51. Said deceptive act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

52. Defendant's deceptive act and practice was consumer–oriented, in that defendant's act of communicating directly with a legally–represented consumer despite knowledge that he was represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which defendant obtained from Ginny's for collection and on which there was legal representation.

53. Defendant maintained no procedure to ensure that it did not communicate directly with consumers it knew to be represented by counsel.

54. Defendant maintained no procedure to ensure that it did not communicate with consumers it ought to have known to be represented by counsel.

55.     Defendant's said conduct of communicating directly with legally–represented consumers has a broader impact on consumers at large whose accounts are obtained by defendant from Ginny's for collection and who are represented by counsel in the matter of the collection of their debts.

56.     Defendant owes a duty to plaintiff and consumers at large to honor their right to legal representation and defendant's failure to honor plaintiff's said right resulted in defendant sending its collection letter to plaintiff directly at his home, thereby improperly encouraging plaintiff to communicate with defendant directly about a debt for which he had the representation of counsel.

57.     Therefore, defendant's failure to honor plaintiff's legal representation and its sending of its collection letter directly to plaintiff was deceptive in a material way.

58.     Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

59.     Upon receipt of defendant's letter at his home, plaintiff felt annoyance, surprise, confusion, irritation, upset and harassment that defendant would communicate directly with him concerning a debt in respect of which his attorneys had already informed Ginny's prior debt collector that plaintiff was represented by counsel.

60.     Defendant violated NYGBL § 349(a) by sending its letter directly to plaintiff and is liable to plaintiff under NYGBL § 349(h).

61.     As a result of the above violations, defendant is liable to plaintiff in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)   awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(b)   awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(c)   awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C.  § 1692k;

(d)   enjoining defendant   from committing further deceptive acts and practices against plaintiff, pursuant to NYGBL § 349;

(e)   awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(f)   in the alternative to (e), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g)   awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(h)   for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
        November 4, 2019.

/s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com